[L. A. No. 13708. In Bank.—December 23, 1932.]

SOL A. REHART, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

J. Marion Wright for Appellant.

Philbrick McCoy for Respondent.

THE COURT.—Proceeding to review an order of the Board of Governors of The State Bar of California recommending that petitioner be suspended from the practice of law in this state for a period of three months. The recommendation of the local administrative committee was that petitioner should be suspended for an even longer period, to wit, ten months, in that it concluded that he had been guilty of moral turpitude in his dealings with the complainant and had violated his oath of admission in failing to faithfully discharge his duties as an attorney. The sole question to be determined is what punishment, if any, should be imposed upon petitioner.

The evidence is somewhat unsatisfactory due to the business inexperience of the complaining witness and her trouble with the English language. However, it fairly warrants the conclusion reached in the findings, to wit: that on August 23, 1929, the complainant employed petitioner

to probate the estate of her husband for an agreed fee of $150, $50 of which she immediately paid him on account; that thereafter he procured letters of administration for her and took various other steps in the course of the probate proceedings; that on January 6, 1930, he caused to be issued for complainant a surety bond carrying a $30 annual premium for payment of which complainant gave him the sum of $30 but he failed to remit to the surety company and the premium was never paid; further, that on June 12, 1930, complainant paid petitioner the remaining $100 of his fee but he never completed the probate of the estate or rendered any further services for her.

The testimony of petitioner, and his contention upon this review, is to the effect that he could not complete the probate of the estate because complainant refused to furnish him with the needed information therefor. With respect to payment of the $30 premium, there is a direct conflict in the evidence. It is petitioner's claim that he made payment thereof to a man who was working for the broker through whose office the bond was placed. This gentleman testified to the contrary and produced what he termed an original record of the brokerage firm to substantiate his statement that the bill was not paid.

We have carefully reviewed this cause, giving full consideration to the attestations of good character offered in petitioner's behalf, and to the conflicts in the evidence and all the circumstances shown by the record, but we cannot feel otherwise than that petitioner has been derelict in the performance of his obligations as an attorney in the respects above set forth. We approve the recommendation of the Board of Governors of The State Bar.

It is therefore ordered that petitioner herein, Sol A. Rehart, be and he is hereby suspended from the practice of law in this state for a period of three months beginning on the tenth day from and after the filing of this order.

Rehearing denied.